In re Richard Joseph **HELLENSCHMIDT,** d/b/a CMJ Construction, CMJ Dry Wall and Painting, and Shirley Whitcomb Hellenschmidt, Debtors.

**COLUMBINE P & S FUND, INC., a Colorado Corporation, Plaintiff,**

v.

Richard J. **HELLENSCHMIDT,** Shirley W. Hellenschmidt, and Jo L. Fleming, Public Trustee in and for the County of Arapahoe and State of Colorado, Defendants.

**Bankruptcy No. 80 K 0642.**

United States Bankruptcy Court, D. Colorado.

Sept. 10, 1980.

759

Eugene F. Costello, Denver, Colo., for Mile–Hi Kitchens, Inc.

John D. Saviers, Aurora, Colo., for Columbine P & S Fund, Inc.

## MEMORANDUM AND ORDER DETERMINING EFFECT OF AUTOMATIC STAY AND DENYING EXTENSION OF TIME FOR REDEMPTION

GLEN E. KELLER, Jr., Bankruptcy Judge.

Mile–High Kitchens, Inc. ("Mile–Hi") seeks a determination of its rights as a junior lienor to redeem certain Colorado real property after a public trustee's sale. The instant motion arises out of an adversary proceeding instituted by the beneficiary of a deed of trust seeking relief from the automatic stay so that foreclosure and redemption might proceed. The facts are essentially undisputed.

On January 11, 1979, the Debtors, Richard J. Hellenschmidt and Shirley W. Hellenschmidt, gave their deed of trust on Lot 27, Block 26, Hoffman Town Third Filing, Arapahoe County, Colorado, to secure a

$15,000.00 note payable to Columbine P & S Fund, Inc. ("Columbine"). The deed of trust was promptly and properly recorded in the Arapahoe County land records. After the Debtors' default, Jo L. Fleming, the Public Trustee of Arapahoe County, recorded a notice of election and demand on behalf of Columbine on September 27, 1979. On October 25, 1979, Mile–Hi obtained a judgment for $1,589.74 against Richard Hellenschmidt in the District Court of Arapahoe County and recorded a transcript thereof on November 8, 1979. On November 21, 1979, and in compliance with 1973 C.R.S. § 38–39–101, *et seq.*, Jo L. Fleming sold the property to Columbine and issued her public trustee's certificate of purchase. Pursuant to § 38–39–102(1), the Debtors had 75 days, or until February 4, 1980, to redeem the property, but their bankruptcy intervened on February 1, 1980. On March 19, 1980, Columbine filed its complaint for relief from stay against the Debtors and the Public Trustee. A hearing was held on April 16, 1980, at which Columbine was granted relief from the stay imposed by 11 U.S.C. § 362. They stipulated, however, that the Debtors might have 60 days in which to pay redemption value and thus recover the property. That time expired June 16, 1980. The Court entered its Order in conformity with the stipulation on May 1, 1980.[1] On April 21, 1980, Mile–Hi filed its notice of intention to redeem with the Public Trustee and has subsequently deposited the appropriate sum of money for that purpose. On June 15, 1980, Mile–Hi filed the instant motion in this proceeding without having intervened. Neither the Trustee in bankruptcy nor the Debtors have ever redeemed the property.

■ The Court could dispose of the motion on the ground that Mile–Hi has not properly intervened. See Rule 724 F.R.B.P. Nevertheless, Mile–Hi will be treated as having properly intervened because of the lack of objection by any other party and because Mile–Hi would have been entitled

1. The Order noted that the stipulation was not binding on the Trustee in bankruptcy, who has

never been made a party to this action.

to intervene had it followed the appropriate procedure. Rule 24(a) F.R.C.P.

Had no bankruptcy occurred, Mile–Hi's rights under Colorado law were clear. If it had filed its notice of intent to redeem by February 4, 1980, and if the Debtors failed to redeem by that date, Mile–Hi could have redeemed within the following 10 days.[2] See 1973 C.R.S. §§ 38–39–103(1) and (2). If Mile–Hi failed to timely file its notice of intent to redeem, it would have no statutory right of redemption. 1973 C.R.S. § 38–39–103(2); Storke and Sears, *Statutory Redemption in Colorado*, 30 Dicta 79 (1953). Mile–Hi contends that the Debtors' bankruptcy automatically stayed it from filing its notice of intention to redeem pursuant to 11 U.S.C. § 362(a) and, thus, that its filing on April 21, 1980, should be given effect.[3] The Court disagrees.

 The automatic stay imposed by 11 U.S.C. § 362(a) restrains any action against the debtor, the debtor's property, or "property of the estate." "Property of the estate" is generally defined in § 541(a)(1) as "all legal or equitable interests of the debtor in property as of the commencement of the case." Under Colorado law, the only interest retained by an owner is a statutory right of redemption after a public trustee's sale.[4] Accordingly, that right became "property of the estate" upon the filing of the bankruptcy petition. The real property itself did not. 4 *Collier on Bankruptcy*, ¶ 541.07[3] (15th Ed. 1979); *In re Butchman*, 4 B.R. 379, 6 B.C.D. 403, 2 C.B.C.2d 174 (S.D.N.Y.1980); *In re Bush Gardens, Inc.*, 5 B.C.D. 1023, 1 C.B.C.2d 134 (D.N.J. 1979). The filing of notice of intent to redeem by a junior lienor does not affect or prejudice the estate's right to redeem. Neither does it affect any right (e. g., possession) the debtor may have with respect to the property. It merely lays the foundation for a subsequent redemption *if* the estate's right expires unexercised. The conclusion is inescapable that the filing of a notice of intent to redeem by a junior lienor is not stayed by § 362(a). Mile–Hi's April 21 notice was thus ineffective under 1973 C.R.S. § 38–39–103(2) to preserve its right to redeem.

This result is consistent with the principle of bankruptcy jurisprudence (and of federalism generally) that federal law supersedes state law only to the extent necessary to further federal objectives. As stated in *Butner v. United States*, 440 U.S. 48, at 55, 99 S.Ct. 914 at 918, 59 L.Ed.2d 136 (1979):

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.

There clearly are areas in which Colorado redemption law is affected by the Bankruptcy Code. For example, even though 1973 C.R.S. § 38–39–102(1) limits the debtor's redemptive period to 75 days, 11 U.S.C. § 108(b) automatically affords the trustee a minimum 60–day period if the redemption period remaining is shorter. 4 *Collier on Bankruptcy*, ¶ 541.07[3] (15th Ed. 1979). If the trustee fails to redeem, a junior lienor who has timely filed his notice under 1973 C.R.S. § 38–39–103(2) may then exercise his right of redemption within 10 days. This simply delays the exercise of the statutory remedy without otherwise modifying any rights. Such an approach preserves the state's statutory scheme, granting the debtor or his representative the first opportunity to redeem. There is, however, no federal or state policy which justifies giving less than literal effect to the 75–day limitation

---

2. The record does not disclose the existence of other junior liens.

3. Nothing in the April 16 stipulation or subsequent Order modified the stay as to Mile–Hi. If the automatic stay prevented filing of a notice of intention to redeem, the April 21 filing was equally ineffective as a hypothetical filing on or before February 4, 1980.

4. C.R.S.1973 § 38–39–102. Depending on the terms of the deed of trust and the surrounding circumstances, the owner may also retain the right to possession and to the rents and profits. See, e. g., 1973 C.R.S. § 38–39–113; *Phillips v. Webster*, 162 Colo. 315, 426 P.2d 774 (1967). Neither of those interests is significant here.

in § 38–39–103(2) for filing notice of intention to redeem. Literally enforcing the state limitation period avoids that confusion which frequently arises when foreclosure proceedings become enmeshed in bankruptcy. The rule of law then applicable is already familiar to Colorado lawyers, public trustees, creditors, and debtors alike. Wherefore, it is

ORDERED that the Motion of Mile–Hi Kitchens, Inc., for Determination of Effect of Automatic Stay Order and Extension of Time for Redemption be and the same hereby is denied.