In re Richard J. JOHNSON, Debtor.

Timothy D. MORATZKA, Trustee for Richard J. Johnson, Debtor, Plaintiff,

v.

LANESBORO STATE BANK, a Minnesota Corporation; First National Bank of Rushford, an United States Corporation; Bill Klingman and Billie Klingman, husband and wife; Gene Pringle; John Doe and Jane Doe, Defendants.

Bankruptcy No. 3–80–1261.
Adv. No. 80–327.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Jan. 14, 1981.

Timothy D. Moratzka of Moratzka, Dillon & Kunkel, Hastings, Minn., as and for plaintiff.

David Mitchell of Kutak, Rock & Huie, Minneapolis, Minn., for defendant, Lanesboro State Bank.

Mark W. Brooks of McMahon, Darby, Price & Brooks, Winona, Minn., for defendant, Gene Pringle.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT

JACOB DIM, Bankruptcy Judge.

The above entitled matter came on for a hearing on January 8, 1981 before the Honorable Jacob Dim, Bankruptcy Judge. Pursuant to Rule 752 of the Bankruptcy Rules, this memorandum opinion constitutes the findings of fact, conclusions of law, and order for judgment.

## PROCEDURAL HISTORY

On August 1, 1980, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against the debtor, Richard Johnson. An order for relief was entered on September 23, 1980. Timothy Moratzka was appointed trustee on September 25, 1980. On October 15, 1980, an order was issued directing the debtor to file schedules by November 10, 1980. On December 12, 1980, the debtor was certified for contempt to the United States District Court pursuant to 11 U.S.C. § 405(a) for failure to file schedules, failure to obey court orders, and failure to appear for hearings.

On December 23, 1980, the trustee filed this complaint seeking a declaratory judgment under 28 U.S.C. § 2201 and a motion under Rule 65 of the Rules of Civil Procedure for a temporary restraining order. The complaint sought a judgment declaring that 11 U.S.C. § 362(a) stayed the running of the redemption period in a mortgage foreclosure action under Minn.Stat. § 580.01 et seq. The motion sought a temporary restraining order preventing the running and termination of the redemption period, expiring December 31, 1980, until such time as a determination could be made on the complaint.

On December 29, 1980, a hearing on the motion for a temporary restraining order was held. A temporary restraining order was issued at 4:05 p. m., December 30, 1980 over the objection of the defendant, Lanesboro State Bank. The order set a hearing on the complaint for January 7, 1981.

A motion was filed on January 6, 1981 by the defendant, Lanesboro State Bank, seeking a lifting of the temporary restraining order and a lifting of the automatic stay under § 362 if it was found to apply to the redemption period. An answer, counterclaim, and cross claim was filed on January 7, 1981 by the defendant, Gene Pringle, contract vendor to the debtor, seeking relief from the automatic stay under § 362.

The hearing, scheduled for January 7, 1981, was held on January 8, 1981 because of calendar conflicts. After hearing the arguments of counsel, the Court severed the action involving defendant, Gene Pringle, from those of other defendants involved in the mortgage foreclosure.

## FACTUAL BACKGROUND

The debtor purchased the three pieces of property involved in this dispute in 1976

and 1977 on contracts for deed. The debtor gave four mortgages on the property. The first to First National Bank of Rushford filed on April 21, 1978; the second to First National Bank of Rushford filed on December 7, 1978; the third to Lanesboro State Bank filed on December 20, 1978; and, the fourth to Lanesboro State Bank filed on March 28, 1979.

On December 19, 1979, pursuant to a mortgage foreclosure action brought by First National Bank of Rushford, a mortgage foreclosure sale was held. Lanesboro State Bank was high bidder on all three parcels of land for a total of $574,401.04. The sale was confirmed on December 31, 1979 by the Third District Court, Winona County, Minnesota.

The property consists of 1702 acres of land. Portions of the land are suitable for farming, while other parts are forested. The land has not been farmed for two years, but it has been logged. The County Auditor of Winona County has assessed the value of the property for tax purposes as $841,025.00. The actual value of the property has not been finally determined by this Court.

## LEGAL DISCUSSION

The sole issue to be determined is the effect of the Bankruptcy Code § 362(a) automatic stay on the redemption period. The trustee has argued that § 362(a) stays or tolls the running of the redemption period. The defendant, Lanesboro State Bank, has argued that the running of the redemption period is a ministerial act and that § 362 applies only to actions taken by a creditor.

Under the Bankruptcy Act of 1898 as amended, the stay provided in Rules 401 and 601 did not stop the running of the redemption period. See *In re Food Associates, Inc.,* Bankrupt No. 3–59–499 (unreported, D.Minn.1960); *In re Klein,* 9 F.Supp. 57 (D.Minn.1934). Defendant, Lanesboro State Bank, contends that the same interpretation should be applied in the instant case, despite the changes made by Congress in the Code. Cases decided under

the old Bankruptcy Act on the stay cannot be applied to the § 362(a) stay. Congress recognized the faults of the old Act and altered the scope of protection provided the debtors and creditors. In the House Report No. 95 595 at p. 174, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6135, Congress stated:

"The provisions in the Bankruptcy Act for a stay of actions against the debtor and his property upon the commencement of a bankruptcy, reorganization, or repayment plan case are inadequate .... The stay is an important aspect of bankruptcy protection, and is an element of the debtor's fresh start.... The automatic stay in H.R. 8200 differs in some ways from the stays provided by the Rules of Bankruptcy Procedure today. The new stay expands coverage in some areas, reduces it in others, and clarifies many uncertain aspects of the current provisions."

The scope of § 362(a) cannot be determined by reliance on the cases decided under the Bankruptcy Act of 1898, as amended.

Defendant, Lanesboro State Bank, has stated that its position in this matter is not that of a creditor of the debtor but a third party purchaser at the mortgage foreclosure sale. Under Minnesota Statutes, the mortgage foreclosure sale terminates the debtor-creditor relationship between the mortgagor and the mortgagee who purchases at the sale. Reliance on Minnesota law is inapposite for two reasons. First, § 362(a) is applicable to "all entities". Thus, to the extent § 362(a) affects the redemption period, it does not matter what relationship exists. Second, the relationship between the debtor and the defendant is to be determined by reference to the Bankruptcy Code and not state law. § 101(9) defines a "creditor" as "an entity that has a claim against the debtor". A "claim against the debtor" under § 102(2) includes claim against property of debtor.

Interpretation of § 362(a) is an issue of first impression. Only one case has been reported which touched upon this section, *In re Hellenschmidt,* 5 B.R. 758, 6 B.C.D. 1051 (Bkrtcy.D.Colo.1980). That case dealt

with a junior lienholder's rights under § 362 not the trustee's and did not involve a stay relating to the redemption period.

The purpose of § 362(a) is set forth in the legislative history. In the House Report No. 95–595 at p. 340, U.S.Code Cong. & Admin.News 1978, p. 6296, it states:

"The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and *all foreclosure actions.* . . . The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally." (Emphasis added).

■ The purpose of bankruptcy is to provide an equal opportunity for all creditors to share in the assets of the debtor available for distribution. § 362(a) is the linchpin in this statutory scheme. It is designed to prevent the piecemeal dismemberment of the debtor's assets by creditors. By preventing creditors from attacking the debtor's estate, the automatic stay gives the trustee time to identify, marshall, and distribute equitably the assets of the debtor.

In interpreting the provisions of § 362(a), the Court must construe the section liberally to give full protection to the debtor and creditors. Too narrow an interpretation of the scope of the section will allow the disintegration of the estate. As was noted in the House Report:

"The stay is not permanent. There is adequate provision for relief from the stay elsewhere in the section. However, it is important that the trustee have an opportunity to inventory the debtor's position before proceeding with the administration of the case."

■ Application of the automatic stay under § 362(a) to mortgage foreclosure redemption periods fits within the purpose of § 362. In order to be stayed by § 362(a) however, it must fall within one or more of its eight subdivisions. It does.

The redemption period is a necessary step in the foreclosure proceeding. Until the completion of the redemption period, the debtor has a right to the possession and use of the property. The continued running of the redemption period, after the filing of the petition, is "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case" contrary to § 362(a)(2). It also is contrary to § 362(a)(3) which stays "any act to obtain possession of property of the estate or of property from the estate". § 362(a)(4) would also bar the running of the redemption period as an "act to create, perfect, or enforce any lien against property of the estate".

Defendant Lanesboro State Bank argues that because no affirmative action is required by the creditor during the running of the redemption period, it does not fit within the terms of "enforcement" or "act" as used in § 362(a). This is too restrictive a definition of those terms. "Enforcement" means causing to have effect or making effective. The running of the redemption period is the act which gives effect to a judgment of foreclosure. See Minn. Stat. § 580.12. An "act" as used in § 362 means more than just an overt action by the creditor. It includes all changes in the relationship between the debtor and his creditors. Standing alone, the running of time is an "act" if it triggers a change in the relationships of the parties.

The effect of bankruptcy and the purpose of § 362(a) is to freeze the debtor's financial relationships and condition at the date of the petition. The equitable division of the debtor's assets can then be accomplished along the lines of the relationship as they exist at that time. This is why the bankruptcy estate is established under § 541 separate from the individual debtor and containing all his assets as of filing. It is the fundamental principle by which bank-

 

ruptcy operates. To allow any party to change its position, after the filing, defeats this principle and gives that party a preference over other creditors. Only after the hearing provided in § 362(d) and (e) can the Court allow the stay to be modified after determining that such relief does not harm the estate and other creditors unnecessarily. The stay under § 362(a) must preserve the conditions as they existed on the date of filing.

The contention that § 108(b) of the Code governs this issue is erroneous. § 108(b) provides that the trustee may take certain steps such as filing pleadings, or cure a default, if such time has not expired, at the later of "the end of such period, *including any suspension of such period occurring on or after the commencement of the case*" or "60 days after the order for relief". (Emphasis added). While § 108 does ensure the trustee certain time to act, it also, expressly recognizes that the running of time may be suspended. § 362(a) is the only possible source of such a suspension "on or after the commencement of the case."

 The final contention of the defendant, Lanesboro State Bank, is that the trustee has no interest in the foreclosed upon property. It may be true that the trustee does not hold legal or equitable title to the property. (See, however, Minn. Stat. § 580.12 which states that the mortgagor's right title and interest are conveyed by the sheriff's certificate "upon expiration of the time for redemption"). But all parties agree that the trustee and the estate do have the equity of redemption and all rights thereto. § 541(a)(1) makes property of the estate "all legal or equitable interests of the debtor in property". The equity for redemption is such an interest. It is freely transferable. This "*interest*" is the property of the estate over which the defendant seeks to enforce a prepetition judgment contrary to § 362(a)(2); to obtain possession contrary to § 362(a)(3); and to enforce a lien contrary to § 362(a)(4).

Now Therefore, IT IS ORDERED and ADJUDGED, based on the foregoing, that:

1. The automatic stay provided by 11 U.S.C. § 362(a) operates to suspend or toll the running of the redemption period in a mortgage foreclosure until such time as the stay is lifted or dissolved.

2. A hearing on adequate protection will be held before the undersigned on January 15, 1981 at 10 a. m. pursuant to the motion filed by defendant, Lanesboro State Bank, at which time, pursuant to § 362(g) said bank shall have the burden of proof on the issue of the debtor's equity in the property, and the trustee shall have the burden of proof on all other issues.