In re NEW TOWN MALL, a partnership, Debtor.

Bankruptcy No. 481–00219.

United States Bankruptcy Court, D. South Dakota.

Jan. 29, 1982.

Vance R. Goldammer, Boyce, Murphy, McDowell & Greenfield, Sioux Falls, S. D., Paul J. Scheerer, Dorsey, Windhorst, Hannaford, Whitney & Halladay, Minneapolis, Minn., for National Bank of South Dakota.

John C. Quaintance, Quaintance & Swanson, Sioux Falls, S. D., for Mutual Benefit Life Insurance Co.

David O. Carter, Swanson & Carter, Sioux Falls, S. D., T. Jay Salmen, St. Paul, Minn., for debtor.

Jon Arneson, Sioux Falls, S. D., Allen I. Saeks, Minneapolis, Minn., for Unsecured Creditors Committee.

Edward J. Leahy, May, Johnson, Doyle & Becker, P.C., Sioux Falls, S. D., for Marine Midland Realty Credit Corp.

## MEMORANDUM DECISION

### FINDINGS OF FACT

PEDER K. ECKER, Bankruptcy Judge.

On August 28, 1981, New Town Mall, hereinafter Debtor, filed a Chapter 11 voluntary petition.

National Bank of South Dakota, hereinafter National Bank, a creditor holding both secured and unsecured claims in the approximate sum of 1.3 million dollars, filed an Application for an Order Maintaining the Status Quo. National Bank seeks to prevent the expiration of a Mortgage Commitment issued by Mutual Benefit Life Insurance Company, hereinafter Mutual Benefit, to Debtor on November 7, 1979. On November 7, 1979, Debtor paid to Mutual Benefit the sum of $136,000.00 as a commitment fee for a long-term loan commitment, hereinafter the Commitment. The Commitment provided Mutual Benefit would loan Debtor $6,800,000.00 for a term of 25 years at an interest rate of 10¾ per cent.

The Commitment is incorporated as a part of this Court's Findings of Fact. The term of the Commitment expires by its terms on January 29, 1982. Presently, Debtor has not complied with the conditions precedent to the enforceability of the Commitment.

The Court held a hearing on the Application of National Bank and took the matter under advisement. Debtor and Unsecured Creditors Committee appeared in support of the Application of National Bank. This Memorandum Decision is based upon the pleadings, the Commitment, and memorandums of law.

## NATIONAL BANK'S ARGUMENT

The automatic stay imposed by 11 U.S.C. § 362(a) requires a maintenance of the status quo, and not only prohibits affirmative actions by creditors, but also tolls the expiration of a loan commitment.

## MUTUAL BENEFIT'S ARGUMENTS

1. The executory contract to make a loan may be cancelled by Mutual Benefit as a result of the insolvency of Debtor pursuant to 11 U.S.C. § 365(e)(2)(B).

2. Contracts such as loan commitments and letters of credit are not assignable and may not be assumed by the trustee pursuant to 11 U.S.C. § 365(c)(2).

3. The automatic stay provision of 11 U.S.C. § 362(a) does not toll the expiration of a loan commitment.

## ISSUES

1. Can an executory contract to make a loan be cancelled by a creditor as a result of the insolvency of a debtor.

2. Are executory contracts such as loan commitments and letters of credit assignable and assumable by a debtor-in-possession.

3. Does the automatic stay imposed by 11 U.S.C. § 362(a) toll the expiration of a loan commitment.

## CONCLUSIONS OF LAW

### ISSUE—1

■ 11 U.S.C. § 365(e)(1) provides bankruptcy clauses in executory contracts may not terminate or modify the contract after the commencement of the case. However, 11 U.S.C. § 365(e)(2)(B) provides paragraph 1 does not apply to contracts to make a loan or other financial accommodations to or for the benefit of the debtor.

Page 1 of the Commitment requires timely compliance with all conditions of the Commitment prior to disbursement of any funds. Paragraph 22 of the Commitment requires satisfactory financial statements evidencing the borrower's solvency prior to disbursement of funds. Debtor has offered no evidence of compliance with paragraph 22.

This Bankruptcy Court holds it is provisions like paragraph 22 in the Commitment that Congress intended 11 U.S.C. § 365(e)(2)(B) to except from 11 U.S.C. § 365(e). Consequently, this Court holds the executory contract to make a loan may be terminated or modified by Mutual Benefit according the terms of paragraph 22 of the Commitment.

### ISSUE—2

■ The second question involved in this dispute is whether or not a debtor-in-possession can assign or assume an executory contract. Upon an examination of 11 U.S.C. § 365(c)(2), it is clear the intent of Congress upon the enactment of the statute was a debtor-in-possession cannot assign or assume an executory contract for financing. 11 U.S.C. § 365(c)(2) provides:

"(c) The trustee may not assume or assign an executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—

. . . .

(2) such contract is a contract to make a loan, or extend other debt financing or financial accommodations, to or for the benefit of the debtor, or to issue a security of the debtor."

The Legislative History to 11 U.S.C. § 365(c)(2) provides:

"The purpose of this subsection, at least in part, is to prevent the trustee from requiring new advances of money or other property. The section permits the trustee to continue to use and pay for property already advanced, but is not designed to permit the trustee to demand new loans or additional transfers of property under lease commitments.

Thus, under this provision, contracts such as loan commitments and letters of credit are nonassignable, and may not be assumed by the trustee."

See House Report No. 95–595, 95th Cong., 1st Sess. (1977) 348; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 59, U.S.Code Cong. & Admin.News, pp. 5787, 6304; 1979 Collier Pamphlet Edition, *Bankruptcy Code*, Part 3, 156.

Louis W. Levit, the author of an article entitled, "Use and Disposition of Property Under Chapter 11 of the Bankruptcy Code: Some Practical Concerns," 53 Am.Bankr. L.J. 275, 276 (1979), makes the following comment regarding 11 U.S.C. §§ 365(c)(2) and 365(e)(2)(B):

"One of the first areas of inquiry before considering reorganization under the Code will be the extent to which the debtor can retain or assign its rights under its existing executory contracts and unexpired leases. The clearest case, by far, is presented by the financing agreement. The Code provides explicitly that there is no way that a debtor can assume such an agreement and thus compel its lender to continue to advance funds during reorganization. Any continued financing of the operations of the debtor during reorganization, therefore, will depend upon the debtor's ability to persuade either its present lender or a new source to make adequate financing available."

The Legislative History of these statutes supports Mr. Levit's statement.

■ This Bankruptcy Court has diligently searched for guidance from other courts regarding loan commitments and their assignment, assumption, modification, or termination under 11 U.S.C. § 365, but there has been very little written. Therefore, in light of the foregoing statutory analysis, this Bankruptcy Court holds executory contracts such as loan commitments are not assignable or assumable by a debtor-in-possession.

## ISSUE—3

■ Issue 3 involves the question of whether the automatic stay tolls the expiration of a loan commitment.

National Bank argues *In re Johnson*, 8 B.R. 371, 7 B.C.D. 222 (Bkrtcy.D.Minn.1981), provides an analogous situation to guide the Court. In *Johnson*, Judge Dim held the automatic stay provision operated to suspend or toll the running of a statutory time period. In *Johnson*, it was the statutory redemption period. In *Johnson*, the creditor argued the running of the redemption period does not fit within the terms of "enforcement" or "act" as used in 11 U.S.C. § 362(a). In addressing the creditor's argument, Judge Dim stated at 374:

"This is too restrictive a definition of those terms. 'Enforcement' means causing to have effect or making effective. The running of the redemption period is the act which gives effect to a judgment of foreclosure. See Minn.Stat. § 580.12. An 'act' as used in § 362 means more than just an overt action by the creditor. It includes all changes in the relationship between the debtor and his creditors. Standing alone, the running of time is an 'act' if it triggers a change in the relationships of the parties."

In another Minnesota case, unreported at the time of this Decision, *In re Ecklund & Swedlund Development Corporation v. Hennepin Federal Savings & Loan Association of Minneapolis, et al.*, 17 B.R. 451 (1981, Judge Kenneth G. Owens), the court held the automatic stay under 11 U.S.C. § 362(a) does not toll the running of the statutory redemption period. The rationale used by Judge Owens is persuasive:

"The simple word 'stay' is not appropriate to accomplish what is in fact a suspension

or tolling of time. Those apt terms 'suspension', or 'tolling' were certainly available to the drafters of the Bankruptcy Code as they were to the drafters of the Bankruptcy Act and the Bankruptcy Rules, and it is instructive that they were not employed in Section 362(a)."

Judge Owens finds the running of the redemption period is not an "act" as the term is used in 11 U.S.C. § 362(a) when under Minnesota law a creditor does not need to take any further act once a foreclosure sale has taken place. In this case, Mutual Benefit does not need to take any further action for the Commitment to expire.

The purpose of the automatic stay is two-fold. First, it gives the debtor a breathing spell to permit a repayment plan. Second, it provides creditor protection. It prevents creditors from a race to obtain more than their equitable share of the debtor's estate. (House Report No. 95–595, 95th Cong., 1st Sess. (1977) 340–2; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 49–51.)

For the following reasons, this Bankruptcy Court holds the automatic stay imposed by 11 U.S.C. § 362(a) does not toll the expiration of a loan commitment.

First, this Court finds persuasive Judge Owens' decision in *Ecklund* wherein he held the running of a time period is not an "act" as the term is used in 11 U.S.C. § 362(a) when the creditor need not take any further action for the loan commitment to expire. The record indicates Mutual Benefit does not need to take any further action for the Commitment to expire.

Second, this Court holds none of the policy reasons for the automatic stay are applicable to this Commitment. The intent of Congress is clear under 11 U.S.C. § 365: a debtor-in-possession cannot assume or assign a loan contract, and a creditor can terminate a loan contract if a condition of the contract provides a debtor must be solvent.

Our Supreme Court has made the policy of the law clear when considering the applicability of conflicting Code sections:

"While a stay tolling the running of the statutory period would give the debtor greater protection than that contemplated by Section 108, this court finds that where one section of the Bankruptcy Code explicitly governs an issue, another section should not be interpreted to cause an irreconcilable conflict. *Richards v. United States*, 369 U.S. 1, 11 [82 S.Ct. 585, 591, 7 L.Ed.2d 492] (1961).",

as referenced by District Judge Guy in *Bank of the Commonwealth v. Harold R. Bevan, et al.*, 13 B.R. 989, 7 B.C.D. 557 (E.D.Michigan), in dealing with a similar question. Here, the bank would have the Court strive for a protection or benefit pursuant to 11 U.S.C. § 362 when the intent of Congress appears clear at 11 U.S.C. § 365.

In light of the policy reasons underpinning the automatic stay and the mandate of 11 U.S.C. § 365, there can be no justification for the Court to construe the automatic stay to toll the running of the time period of the Commitment.

Third, this Court is further guided by a statement in 2 Collier on Bankruptcy ¶ 365.-07, 365.38.11 (15th Ed., 1981) which refers to 11 U.S.C. § 365(e)(2). Collier states:

"Presumably the automatic stay of section 362 which prohibits a creditor from terminating or accelerating after the petition will not apply to these special kinds of contracts or leases."

Fourth, if this Court could extend the time period of the Commitment under its equitable powers provided by 11 U.S.C. § 105(a) or pursuant to § 108, this Court could not draft a new contract for the parties by extending the time period without adequate consideration, conditions, terms, and agreement between the parties. When Debtor filed bankruptcy, the Commitment with all its terms and conditions was a considerable asset of Debtor. But there is no provision in the Bankruptcy Code which grants a debtor greater rights under a loan commitment than it had outside bankruptcy.

The foregoing shall constitute Findings of Fact and Conclusions of Law, and Attorney Quaintance shall submit an order consistent with this Court's Decision.