### In re H & W ENTERPRISES, INC., Debtor.

### Bankruptcy No. 80–02281.

United States Bankruptcy Court, N. D. Iowa, E. D.

April 26, 1982.

Alfredo G. Parrish, Des Moines, Iowa, for debtor.

John W. Pieters, Waterloo, Iowa, for Farmer's State Bank.

George D. Keith, Waterloo, Iowa, for National Bank of Waterloo.

Jean McNeil, Des Moines, Iowa, for Marilyn Scheer and Thorp Credit, Inc.

Richard P. TeKippe, New Hampton, Iowa, for Roger Phillips.

*ORDERS Finding Running of Redemption Period Tolled Upon Commencement of Bankruptcy Proceedings and Directing Debtor to Amend Disclosure Statement*

WILLIAM W. THINNES, Bankruptcy Judge.

The matter before the Court is the adequacy of information contained in the Debtor's Amended Disclosure Statement. A hearing was held on the Debtor's Amended Disclosure Statement. The matter was taken under advisement in order to allow the parties an opportunity to file briefs concerning the relevant legal issues. Such briefs were filed by The National Bank of Waterloo and Thorp Credit, Inc. No other briefs having been filed, the Court now makes the following Findings of Fact, Conclusions of Law, and Orders.

### FINDINGS OF FACT

1. On June 17, 1980, part of the Debtor's real property was foreclosed in a state court action by Thorp Credit, Inc., which held the first mortgage on the property.

2. On July 31, 1980, the property was sold at a Sheriff's Sale, and Thorp received a Sheriff's Certificate to the property after being the highest bidder at the Sheriff's

Sale in the amount of its judgment in the foreclosure action.

3. On October 28, 1980, the Debtor filed a Chapter 11 Bankruptcy Petition in this Court.

4. On June 3, 1981, the Debtor filed its Disclosure Statement. On July 6, 1981, the Debtor filed an Amendment to its Disclosure Statement.

5. On August 6, 1981, Thorp Credit, Inc., filed a request to be heard at the hearing on the Debtor's Amended Disclosure Statement. At such hearing, Thorp argued that the Disclosure Statement and the Amended Disclosure Statement contained incorrect information in that the statements included the property which had been sold at the Sheriff's Sale and in which the Debtor had no further interest, the state law for redeeming such property having run without the Debtor's exercising its right to redeem.

## CONCLUSIONS OF LAW

1. The automatic stay of 11 U.S.C. § 362(c) tolls or suspends the running of a state law period to redeem real property.

2. Pursuant to 11 U.S.C. § 1125, the Debtor shall amend its Amended Disclosure Statement to accurately reflect that its interest in the property purchased at the Sheriff's Sale by Thorp Credit, Inc., is limited to a state law right of redemption, that the running of the state law redemption period was suspended upon the filing of its Bankruptcy Petition by 11 U.S.C. § 362(a), and that such suspension is subject to termination pursuant to 11 U.S.C. § 362(d).

3. Pursuant to 11 U.S.C. § 1125, the Debtor shall amend its Amended Disclosure Statement to accurately reflect any changes that have occurred between the date its Amended Disclosure Statement was filed and the date of this Order in its financial condition and in the information contained in its Disclosure Statement and in its Amended Disclosure Statement.

## ORDERS

IT IS THEREFORE ORDERED, pursuant to 11 U.S.C. § 1125, that H & W Enterpris-es, Inc., the Debtor in Bankruptcy No. 80–02281, shall, within ten (10) days from the date of this Order, amend its Amended Disclosure Statement to accurately reflect that its interest in the property purchased at the Sheriff's Sale by Thorp Credit, Inc. is limited to a state law right of redemption, that the running of the state law redemption period was suspended upon the filing of its Bankruptcy Petition by 11 U.S.C. § 362(a), and that such suspension is subject to termination pursuant to 11 U.S.C. § 362(d).

IT IS FURTHER ORDERED, pursuant to 11 U.S.C. § 1125, that H & W Enterprises, Inc., the Debtor in Bankruptcy No. 80–02281, shall, within ten (10) days from the date of this Order, amend its Amended Disclosure Statement to accurately reflect any changes that have occurred between the date its Amended Disclosure Statement was filed and the date of this Order in its financial condition and in the information contained in its Disclosure Statement and in its Amended Disclosure Statement.

IT IS FURTHER ORDERED that a disclosure statement hearing shall be scheduled by separate Order of this Court after the Debtor files its Second Amended Disclosure Statement as required by this Order.

## MEMORANDUM

The matter before the Court is the adequacy of the information contained in the Debtor's Amended Disclosure Statement. On June 17, 1980, part of the Debtor's real property was foreclosed in a state court action by Thorp Credit, Inc., which held the first mortgage on such property. The property was sold at a Sheriff's Sale on July 31, 1980, and Thorp received a Sheriff's Certificate to the property after bidding in the amount of its judgment at the Sheriff's Sale. On October 28, 1980, the Debtor filed its Chapter 11 Bankruptcy Petition in this Court. When the Debtor filed its Disclosure Statement, and when it later filed its Amended Disclosure Statement, it listed the foreclosed property as property in which it had an interest. On August 10, 1981, a hearing was held on the Debtor's Amended Disclosure Statement. Thorp objected to

such Disclosure Statement on the grounds that it was misleading. Thorp argued that the only interest the Debtor had in the property after the property was foreclosed was the right of redemption and that the period of redemption had expired without the Debtor's right to redeem having been exercised. Thorp concluded that, the redemption period having run without the right of redemption having been exercised, the Debtor had no interest in the property and that the property should not have been listed upon the Debtor's Amended Disclosure Statement.

A debtor's right of redemption of real property is a "legal and equitable interest" in property and constitutes property of a debtor's bankruptcy estate pursuant to 11 U.S.C. § 541. Under Iowa law, the right to redeem real property which has been levied upon and sold arises whenever the property sold consists of an estate greater than a leasehold having two years of an unexpired term. § 628.2, *Code of Iowa* (1981). The Debtor in the instant case appears to have had a fee simple interest in the property involved. The Debtor thus had a right to redeem the property after it was sold. Under Iowa law, a debtor has the right to redeem real property at any time within one year from the day of sale and will in the meantime be entitled to possession of the property. § 628.3, *Code of Iowa* (1981). As noted, the foreclosure and the Sheriff's Sale took place before the Debtor's bankruptcy petition was filed. A year has passed since the date of that sale and the date of the hearing on the Amended Disclosure Statement. The issue arises whether the running of a state law period of redemption is tolled or suspended by the automatic stay provisions of 11 U.S.C. § 362(a). If 11 U.S.C. § 362(a) did not toll the running of the redemption period upon the filing of the Debtor's Bankruptcy Petition, the Debtor would now have no right of redemption, and Thorp Credit would be titleholder of the property in fee simple.

Case law is divided on the question whether the automatic stay tolls or suspends the running of a state law redemp-

tion period. *In re Johnson*, 8 B.R. 371, 7 B.C.D. 222, 3 C.B.C.2d 569 (Bkrtcy.D.Minn., 1981) held that the automatic stay did toll the running of the state law redemption period. In the *Johnson* case, an order for relief on an involuntary bankruptcy petition was issued by the court on September 23, 1980 and the state law redemption period was set to expire on December 31, 1980. Plaintiff sought a ruling that the state law redemption period had been tolled by 11 U.S.C. § 362(a). In discussing the automatic stay of 11 U.S.C. § 362(a), the court emphasized that its purpose was twofold: to serve as a fundamental debtor protection, enabling the debtor to acquire a fresh start by holding the debtor's creditors at bay, and as a creditor protection against rapid dismemberment of the estate. *Id.* at 374, 7 B.C.D. at 223, 3 C.B.C.2d at 572. Addressing the question whether 11 U.S.C. § 362(a) applied to the running of the redemption period, the Court stated:

> The redemption period is a necessary step in the foreclosure proceeding. Until the completion of the redemption period, the debtor has a right to the possession and use of the property. The continued running of the redemption period, after the filing of the petition, is "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case" contrary to § 362(a)(2). It also is contrary to § 362(a)(3) which stays "any act to obtain possession of property of the estate or of property from the estate". § 362(a)(4) would also bar the running of the redemption period as an "act to create, perfect, or enforce any lien against property of the estate".

Defendant Lanesboro State Bank argues that because no affirmative action is required by the creditor during the running of the redemption period, it does not fit within the terms of "enforcement" or "act" as used in § 362(a). This is too restrictive a definition of those terms. "Enforcement" means causing to have effect or making effective. The running of the redemption period is the act which gives effect to a judgment of foreclosure.

See Minn.Stat. § 580.12. An "act" as used in § 362 means more than just an overt action by the creditor. It includes all changes in the relationship between the debtor and his creditors. Standing alone, the running of time is an "act" if it triggers a change in the relationships of the parties.

The effect of bankruptcy and the purpose of § 362(a) is to freeze the debtor's financial relationships and condition at the date of the petition. The equitable division of the debtor's assets can then be accomplished along the lines of the relationship as they exist at that time. This is why the bankruptcy estate is established under § 541 separate from the individual debtor and containing all his assets as of filing. It is the fundamental principle by which bankruptcy operates. To allow any party to change its position, after the filing, defeats this principle and gives that party a preference over other creditors. Only after the hearing provided in § 362(d) and (e) can the Court allow the stay to be modified after determining that such relief does not harm the estate and other creditors unnecessarily. The stay under § 362(a) must preserve the conditions as they existed on the date of filing.

*Id.* at 375, 7 B.C.D. at 224, 3 C.B.C.2d at 573.

The cases that have held that 11 U.S.C. § 362 does not toll the running of the state law redemption period have concluded that such a tolling is not what 11 U.S.C. § 362 was intended to accomplish. "If no act of the creditor is required or involved, there is nothing stayed by the automatic stay provi-sions of § 362. *In re Trigg*, 630 F.2d 1370 (10th Cir. 1980); *Good Hope Refineries v. Benavides*, 602 F.2d 998, *cert. denied* 444 U.S. 992 [100 S.Ct. 523, 62 L.Ed.2d 421] . . . ; *Schokbeton Industries, Inc. v. Schokbeton Products*, 466 F.2d 171 (5th Cir. 1972)." *In re Jenkins*, 13 B.R. 721, 724, 4 C.B.C.2d 1425, 1428 (Bkrtcy.D.Colo., 1981).[1] Another case rejecting the approach of *In re Johnson, supra*, is *In re Ecklund and Swedlund Development Corporation*, 17 B.R. 451 (Bkrtcy.D.Minn., 1981). "The simple word stay is not appropriate to accomplish what is in fact a suspension or a tolling of time. Those apt terms 'suspension,' or 'tolling' were certainly available to the drafters of the Bankruptcy Code . . . and it is instructive that they were not employed in Section 362(a)." *Id.* at 455. Neither *In re Jenkins, supra*, nor *In re Ecklund and Swedlund Development Corporation, supra*, however, addressed the issue from the perspective of the purpose of 11 U.S.C. § 362(a), i.e., to preserve the status quo at the time of the commencement of a bankruptcy proceeding.

*Bank of the Commonwealth v. Bevan*, 7 BCD 557 (Dist.Ct.E.D.Mich., 1981) utilizes a different line of reasoning in its disagreement with the approach of *In re Johnson, supra*. "While the language of 11 U.S.C. § 362(a) fails to explicitly address the running of time periods, other provisions of the Bankruptcy Code speak directly to the issue." *Id.* at 559. The Court then refers to 11 U.S.C. § 108(b). *Id.*[2] The Court further states that unlike 11 U.S.C. § 108(b), section 362(a) of the Bankruptcy Code does not affect the running of specific time periods. *Id.* at 560. The Court concludes that reading 11 U.S.C. § 362(a) as tolling the re-

---

**1.** The cases that the *Jenkins* court cites in support of the above quoted proposition are all Bankruptcy Act cases, however. *Cf. In re Johnson, supra*, 8 B.R. at 373, 7 B.C.D. at 223, 3 C.B.C.2d at 572.

**2.** 11 U.S.C. § 108(b) states:
 (b) Except as provided in subsection (a) of this section, if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—
 (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and
 (2) 60 days after the order for relief.
11 U.S.C. § 108 is made applicable to a Chapter 11 debtor in possession by 11 U.S.C. § 1107.

demption period would render 11 U.S.C. § 108(b) "superfluous." *Id.* The Court further states:

> If § 362(a) automatically stays the running of the statutory right to redeem until the stay is lifted pursuant to § 362(c) or (d), the pertinent time allotments of § 108(b) are completely extraneous as statutory time periods designed to control the trustee's activity. Moreover, if § 362(a) is interpreted to provide for the automatic stay of time periods for an indefinite amount of time, then subsections (a) and (b) of § 108, which define minimum and maximum time periods for the trustee to act, directly conflict with § 362(a).

In one sense, the *Bevans* court misreads 11 U.S.C. § 108(b). Pertinent time allotments in 11 U.S.C. § 108(b) are not completely extraneous as statutory time periods designed to control the trustee's activity if emphasis is given to the language of 11 U.S.C. § 108(b) which states that the trustee has until the end of a specified time period, "*including any suspension of such period, occurring on or after the commencement of the case,*" to act. 11 U.S.C. § 108(b) (emphasis supplied). A suspension of the running of a state law redemption period by 11 U.S.C. § 362(a) could be considered just such an 11 U.S.C. § 108(b) "suspension of such period." Under such a reading, the 11 U.S.C. § 108(b) period would not even begin to run until after the stay was lifted.[3] Given such a reading of the two sections, there is no conflict between 11 U.S.C. § 108(b) and 11 U.S.C. § 362(a).

 This Court will follow *In re Johnson, supra.*[4] *See also In the Matter of Dohm,* 14 B.R. 701, 702 (Bkrtcy.N.D.Ill., 1981). As has been noted, the intended effect of the automatic stay provisions of 11 U.S.C. § 362(a) is to preserve the status quo as of the date of the commencement of the bankruptcy proceedings. Allowing a state law redemption period to expire after the commencement of the bankruptcy proceed-

---

**3.** This point was made by the Court in *In re Johnson, supra* :

> The contention that § 108(b) of the Code governs this issue is erroneous. § 108(b) provides that the trustee may take certain steps such as filing pleadings, or cure a default, if such time has not expired, at the later of "the end of such period, *including any suspension of such period occurring on or after the commencement of the case*" or "60 days after the order for relief." (Emphasis added). While § 108 does ensure the trustee certain time to act, it also, expressly recognizes that the running of time may be suspended. § 362(a) is the only possible source of such a suspension "on or after the commencement of the case."

*Id.* 8 B.R. at 375, 7 B.C.D. at 224, 3 C.B.C. at 573.

In one sense, the *Johnson* court may have overstated its argument. It is not clear that 11 U.S.C. § 362(a) is "the only possible source of such a suspension 'on or after the commencement of the case.'" *See Bank of Commonwealth v. Bevans, supra,* at 561-562 (state law redemption period can be extended by Bankruptcy Court pursuant to 11 U.S.C. § 105); *but see In re Headley,* 13 B.R. 295, 297-298, 7 B.C.D. 1224, 1225 (Bkrtcy.D.Colo., 1981) (state law redemption period cannot be extended by bankruptcy court pursuant to 11 U.S.C. § 105 except in cases of fraud, mistake, or agreement or erroneous conduct of the foreclosing officer). The possibility of an extension of a redemption period pursuant to 11 U.S.C. § 105, however, does not detract from the major point the *Johnson* Court was attempting to make: that 11 U.S.C. § 362(a) and 11 U.S.C. § 108(b) can be read together in a consistent manner.

**4.** Although *In re Johnson, supra,* arose within the context of a Chapter 7 proceeding, the preservation of the status quo upon the filing of a bankruptcy petition is as equally, if not more, important to a Chapter 11 proceeding as it is in a Chapter 7 proceeding. "The stay gives the debtor the opportunity to bring all of its creditors together for discussion, explanation of the debtor's financial problems, and negotiation. Creditors are prevented from acting unilaterally to gain an advantage over other creditors or to pressure the debtor into action." H.R. Rep.No. 595, 95th Cong., 1st Sess. 220 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6180. "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a *repayment or reorganization* plan ..." H.R. Rep.No. 595, 95th Cong., 1st Sess. 340 (1977), U.S.Code Cong. & Admin.News 1978, pp. 6296 6297; S.Rep.No. 989, 95th Cong., 2d Sess. 54 55 (1978) (emphasis supplied), U.S.Code Cong. & Admin.News 1978, pp. 5840 5841.

ing alters this status quo and is thus inconsistent with the purpose of 11 U.S.C. § 362(a).[5] The Court concludes, therefore, that the running of the state law redemption period was tolled or suspended upon the filing of the Debtor's bankruptcy petition.

The Debtor, however, will be directed to amend its Amended Disclosure Statement to reflect that its interest in the aforementioned real property is limited to a state law right of redemption, that the running of the state law redemption period was suspended upon the filing of its bankruptcy petition by 11 U.S.C. § 362(a), and that such suspension is subject to termination pursuant to 11 U.S.C. § 362(d). The Debtor will also be directed to amend its Amended Disclosure Statement to accurately reflect any changes in its financial condition, or in the information contained in its Amended Disclosure Statement, that have occurred since that Amended Statement was filed.

---

5. By analogy, acts of omission that alter the status quo would violate the automatic stay imposed by the provisions of 11 U.S.C. § 362(a) as much as acts of commission that alter the status quo would. *See In re Elder*, 12 B.R. 491, 4 C.B.C.2d 1092, 1096 1097 (Bkrtcy. M.D.Ga., 1981) (where creditor has initiated a continuing garnishment prior to the filing of the debtor's bankruptcy petition, it is incumbent upon that creditor to dismiss or stay such garnishment after the petition is filed; inaction in the face of 11 U.S.C. § 362(a) is unacceptable).