**In re Harrison Williams Handy EAGLES, Debtor.**

**CALIFORNIA THRIFT AND LOAN ASSOCIATION, Plaintiff,**

v.

**DOWNEY SAVINGS AND LOAN ASSOCIATION, et al., Defendants.**

**Bankruptcy No. LA–80–07472(CA).**

**Adv. No. LA–81–2837(CA).**

United States Bankruptcy Court, C.D. California.

Dec. 10, 1982.

James J. Joseph, Danning, Gill, Gould, Joseph & Diamond, Los Angeles, Cal., Michaelson & Susi, Donnelly & Schlottman, Santa Barbara, Cal., for plaintiff.

Robinson, Wolas & Diamant, Los Angeles, Cal., Kingston & Martinez, Santa Barbara, Cal., Thomas C. Starrett, Costa Mesa, Cal., for defendants.

MEMORANDUM OF DECISION

(Application For Declaratory Judgment & Other Relief)

CALVIN K. ASHLAND, Bankruptcy Judge.

The issue in this adversary proceeding is whether the stay of Bankruptcy Code § 362 stops the running of the three-month reinstatement period both as to the debtor and a junior trust deed holder.

The statutory right of reinstatement by a junior trust deed is found in California Civil Code § 2924c(a):

(a) Whenever all or a part of the principal sum of any obligation secured by deed of trust or mortgage on real property hereafter executed has, prior to the maturity date fixed in such obligation, become due or been declared due by reason of default in payment of interest or of any installment of principal, ... the trustor .. or any beneficiary under a subordinate deed of trust ... at any time within three months of the recording of the notice of default under such deed of trust or mortgage, if the power of sale therein is to be exercised, ... may pay to the beneficiary or the mortgagee ... the entire amount then due under the terms of such deed of trust or mortgage ... and thereby cure the default theretofore

---

**3.** *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 368 (1977).

existing, and thereupon, all proceedings theretofore had or instituted shall be dismissed or discontinued and the obligation and deed of trust or mortgage shall be reinstated and shall be and remain in force and effect, the same as if no such acceleration had occurred.

This bankruptcy case was filed after a notice of default was recorded by the holder of the first deed of trust but before the three-month period in § 2924c(a) had run. Bankruptcy Code § 362(a) is broad enough to stay or toll the running of this time upon the filing of a petition. The purpose of § 362(a) is set forth in the House Report No. 95–595, 95th Congress, First Session, p. 340, U.S.Code Cong. & Admin.News 1978, p. 5787, 6296.

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions.... The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally.

It is argued that the holder of the second should not have a "free ride" during the pendency of the automatic stay and that the holder of the second could and should cure the default despite the stay. While at first blush that argument seems correct, it leads to a disordered result. There would be more than one three-month period, one as to the debtor and a different one as to junior lien holders.

The junior lien holders would be required to reinstate the first to protect their security while being unable to move on their security. Absent a bankruptcy and the automatic stay, the junior lien holder would be able to take the steps necessary to foreclose and protect its rights concurrently with its cure of the default under § 2924c(a). It takes little imagination to see the disparities that would result for even the most diligent junior lien holder seeking to be relieved of the stay within the time frame of § 362(e). It would be required to advance money while still being stayed in order to prevent the three months from running before it was relieved.

*Hunt v. Smyth,* 25 Cal.App.3d 807, 813–15 and 837, 101 Cal.Rptr. 4 (1972), held that the period of reinstatement is tolled by a preliminary injunction granted to a junior lien holder in order to enjoin the sale of property under a superior deed of trust. The court in *In re Thomas J. Grosso Investment, Inc.,* 457 F.2d 168 (9th Cir.1972) held that the stays imposed under §§ 116(4) and 148 of the Bankruptcy Act applied to the right of a debtor to redeem property after foreclosure. It has been said: "By analogy, this case seems to indicate that the three-month reinstatement period under California law is tolled from the date of filing of the bankruptcy proceedings until termination of the automatic stay." R. Bernhart, *California Mortgage and Deed of Trust Practice,* 1981 Supplement Section 6.8. See, *In re H & W Enterprises,* 19 B.R. 582, 8 B.C.D. 1373 (Bkrtcy.N.D.Iowa, 1982); *In re Johnson,* 8 B.R. 371, 7 B.C.D. 222, 3 C.B.C. 569 (Bkrtcy.D.Minn.1981). Conceptually, if an automatic stay tolls the period of redemption it should also toll the period of reinstatement.

For the foregoing reasons, I must respectfully disagree with the court in *Triangle Management Services v. Allstate Savings and Loan Association,* 21 B.R. 699 (D.C., N.D.Cal.1982).

A proper time for the three-month period to resume running as to a junior lien holder is when the senior lien holder has been relieved of the stay. Then, the junior lien holder has the same rights of reinstatement as the debtor.

This memorandum of decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 752. A separate judgment will be entered.