**In re Merle Richard OWENS and Sheila Kathleen Owens, husband and wife, a/k/a Owens Enterprises, Debtors.**

**Bankruptcy No. 82–00418.**

United States Bankruptcy Court, E.D. Michigan, N.D.

March 8, 1983.

Robert P. Denton, Saginaw, Mich., for debtors.

Ralph I. Selby, Bay City, Mich., for trustee.

Gregg P. Rousseau, Saginaw, Mich., for creditors, Gerald and Luella Brown.

## MEMORANDUM OPINION AND ORDER

HARVEY D. WALKER, Bankruptcy Judge.

This case raises the issue of whether or not the automatic stay provided in 11 U.S.C. § 362 acts to stay the 90-day redemption period allowed by M.C.L.A. § 600.5744 following the entry of a judgment of Land Contract forfeiture. In this case, on April 5, 1982, a judgment of Land Contract forfeiture was entered in the 70th District Court in favor of Gerald W. Brown and Luella J. Brown as vendors against vendees, M. Richard Owens and Sheila K. Owens. Pursuant to M.C.L.A. § 600.5744, the redemption period of 90-days extended through July 5, 1982. Prior to the expiration of the redemption period, M. Richard and Sheila K. Owens filed for relief under

Chapter 7 of the Bankruptcy Code on July 1, 1982.

On July 13, 1982, the Debtors obtained an ex parte order staying the Browns, as the Land Contract vendors, from continuing the state court proceedings as to the judgment for Land Contract forfeiture. A hearing was held before the Court on July 19, 1982. The parties filed briefs as requested by the Court. The Trustee obtained on September 1, 1982 an Order Granting Temporary Restraining Order and Continuing Previous Order Staying Proceedings, pending the decision of this Court in the hearing held before it on July 19, 1982.

The Debtors contend that the state right of redemption provided by Michigan statute is tolled or suspended by the automatic stay provisions of 11 U.S.C. § 362(a). The Court must examine the property rights held by the parties to the Land Contract at the time of the filing of the petition for relief in order to determine if the rights held by the debtor became part of the estate and are, therefore, stayed by Section 362(a). State law controls what property rights are held by the parties.

Property interests are created and defined by state law. Unless some federal interest requires a different result there is no reason why such interest should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state nd federal courts within a state serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving a windfall merely by reason of the happenstance of bankruptcy. *Butner v. United States,* 440 US 48, 55 [99 S.Ct. 914, 918, 59 L.Ed.2d 136] (1979), *Lewis v. Manufacturers Bank,* 364 US 603, 609 [81 S.Ct. 347, 350, 5 L.Ed.2d 323] (1961).

At the time the Debtors in this case filed their Petition under Chapter 7 of the Bankruptcy Code, the judgment of forfeiture had already been entered. This judgment granted the Land Contract vendors, the creditors in this case, a judgment of forfeiture and possession for breach of the Land

Contract. Pursuant to M.C.L.A. § 600.-5744, the Debtors were given 90 days to pay the amount of $37,600, the amount due under the contract. As the Land Contract was forfeited, the only property right left to the Debtors at the time of their filing in bankruptcy was the statutory right of redemption awarded them by virtue of the Michigan statute.

When the Debtors filed their petition for relief, the redemption period had only 4 days to run before it expired. This redemption right is part of the Debtors' estate unless it has expired at the time the petition is filed. 11 U.S.C. § 541; 4 Collier on Bankruptcy, ¶ 541.07[3] (15th Ed 1980); *Bank of Commonwealth v. Bevan,* 13 B.R. 989 (DC ED MI.1981). The creditors argue that all the Trustee received on July 1, 1982, when the petition was filed, was a right to redeem the Land Contract which expired 4 days after filing.

To determine if 11 U.S.C. § 362 tolls the redemption period, the Court must examine the statute and its legislative history. 11 U.S.C. § 362(a) provides in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or. enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any

lien to the extent that such lien secures a claim that arose before the commencement of the case under this title:

The purpose of the automatic stay is twofold as indicated by the legislative history of Section 362(a). The legislative history states:

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that. House Report No. 95–595, 95th Cong, 1st Sess 340–2 (1977); Senate Report No. 95–989, 95th Cong, 2d Sess 49–51 (1978).

The Courts differ on the question of whether or not Section 362(a) acts to suspend or toll the running of the redemption period. *In Re Johnson,* 8 B.R. 371 (Bkrtcy D Minn.1981) and its progeny espouse the idea that 11 U.S.C. § 362 should be liberally construed to give full protection to the debtor and creditors. The *Johnson* court found that:

The continued running of the redemption period, after the filing of the petition, is 'the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case' contrary to § 362(a)(2). It also is contrary to § 362(a)(3) which stays 'any act to obtain possession of property of the estate or of property from the estate'. § 362(a)(4) would also bar the

running of the redemption period as an 'act to create, perfect, or enforce any lien against property of the estate'. *In Re Johnson,* supra at 374.

The creditor in *Johnson* argued that the running of the redemption period does not fit within the terms of Section 362(a) as the creditor is not required to take any affirmative action. However, the *Johnson* court found this interpretation to be too narrow since the term "enforcement" means the causing to have effect or making effective. The running of the time period brings about a change in the relationship between the debtor and creditor and is therefor an act which is stayed by the filing of the petition.

The District Court for the Eastern District of Michigan has addressed the same issue in *Bank of Commonwealth v. Bevan,* 13 B.R. 989 (ED Mich. SD 1981). The *Bevan* court addressed not only the effect of Section 362(a) on the running of the redemption period, but also discussed the effect of Section 108 on the time period.

11 U.S.C. § 108(b) provides:

(b) Except as provided in subsection (a) of this section, if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) 60 days after the order for relief.

Section 108(b) was derived from Section 11(e) of the Bankruptcy Act. Under Section 11(e) of the Bankruptcy Act, the trustee was given a minimum of 60 days to redeem the property of the debtor. If the redemption period went beyond 60 days, the trustee could redeem the property up to the later of the two dates.

The language of Section 108 explicitly addresses the running of time periods while Section 362(a) does not. The *Bevan* court advocated a joint reading of Section 108 and Section 362(a). In support of this position the court stated:

Where one section of the Bankruptcy Code explicitly governs an issue, another section should not be interpreted to cause an irreconcilable conflict. *Richards v United States,* 369 US 1, 11, 82 S Ct 585, 592, 7 L Ed 2d 492 (1961). . . .

An interpretation of § 362(a) as an indefinite stay of the statutory period of redemption would render § 108(b) superfluous. If § 362(a) automatically stays the running of the statutory right to redeem until the stay is lifted pursuant to § 362(c) or (d), the pertinent time allotments of § 108(b) are completely extraneous as statutory time periods designed to control the trustee's activity. *Bank of Commonwealth v. Bevan,* supra at 994.

The Court in *In Re Ecklund & Swedlund Development Corp.,* 17 B.R. 451 (Bkrtcy. D Minn.1981) agreed with the analysis of the *Bevan* court and went on to state that the result reached is not contrary in substance to that reached by the court in *In Re Johnson.* The end result of both decisions is that the redemption period is extended to allow the trustee time in which to redeem the property of the debtor.

The Court also stated that its analysis was in accord "with the views of Frank R. Kennedy who had intimate knowledge of the process which resulted in the Bankruptcy Code. See Kennedy, *Automatic Stays Under the New Bankruptcy Law,* 12 U Mich B J L Ref 1, 16 n 56 (1978)." Id at 456.

Judge Graves, a Bankruptcy Judge in the Eastern District of Michigan concluded in a recent decision that Section 108 did not toll the redemption period for 60 days notwithstanding the holding of the *Bevan* court. See *In Re James,* 20 B.R. 145, 9 B.C.D. 208 (Bkrtcy. ED Mich.1982).

The case before Judge Graves involved a Chapter 13 case and an attempt by a Chap-

ter 13 Debtor to use 11 U.S.C. § 1322 to allow a mortgage to be reactivated in the plan despite the fact that it had been previously foreclosed. In addition, the Debtors had argued that Sections 105 and 108 grant the Bankruptcy Courts the authority to stay the running of the redemption period for 60 days.

The Court refused to permit the extension of the time period as the court stated, "Section 108b cannot be read to revive the opportunity to cure a default after the foreclosure sale, without abrogating clearly established state law." *In Re James* at 211.

However, this Court is not persuaded by the rationale of the *James* court. That court did not discuss Section 362(a) and its effect on the running of the redemption period, but proceeded directly to Section 108.

In the case before the Court, there is substantial potential equity in the real estate that will pass into the Debtors' estate and can be used for the benefit of other creditors. The Trustee should, therefore, be given an opportunity to evaluate the situation and sufficient time in which to take action which could benefit other creditors.

■ As stated previously by this Court, property interests should be governed by the state law which creates and defines them unless some federal interest intervenes. In this case, the Debtors filed for protection under the federal bankruptcy law. One of the purposes of the bankruptcy law, that of allowing orderly liquidation and distribution of the debtor's estate for the benefit of all creditors, could be carried out without serious impingement on the state created statutory redemption period by allowing the time period to be extended for 60 days. It would not reactivate a mortgage. It acts to afford creditors fair protection if there is equity available for them.

This Court, therefore, holds that Section 108(b) grants the Trustee a minimum of 60 days or the running of the statutory redemption period to redeem, whichever is longer.

IT IS SO ORDERED.