PEARSON v. MAXFIELD ET AL.

1. **Practice in the Supreme Court:** ABSTRACT CANNOT BE CHANGED. A record or abstract cannot be altered or changed by affidavits setting forth what occurred in the court below, and when an abstract states that all the evidence introduced upon the trial is contained therein, the case is triable on appeal only upon the evidence contained in the abstract.

*Appeal from Pottawattamie District Court.*

SATURDAY, OCTOBER 20.

ACTION in equity to set aside certain conveyances of real estate as being fraudulent. The answer denied the allegations in the petition, and set up the statute of limitations and a for-

mer adjudication in bar of the plaintiff's right to the relief demanded. The court found for the plaintiff and entered a decree accordingly, and defendants appeal.

*Baldwin & Wright*, for appellants.

*Hight, Aylesworth & Mynster*, for appellee.

SEEVERS, J.—This action was commenced in 1867, and the parties were entitled to a trial in the court below by the first method, and it was so tried. The cause is, therefore, triable *de novo* in this court. Revision, § 2999. The plaintiff's right to the relief demanded is based on a sheriff's deed, which he alleges was duly executed and delivered to him. What purports to be a copy of such deed is attached to his petition as an exhibit. The abstract states that all the evidence introduced in the court below is contained therein, but no mention is made of such deed having been introduced in evidence, nor is said deed contained in the abstract, except as it appears attached to the petition as an exhibit. The decree was rendered in June, 1875, and we are furnished with a certificate of the judge before whom the cause was tried and certain affidavits which it is claimed show that the deed was introduced in evidence, and we are furnished with what purports to be a copy thereof. The certificate of the judge does not state that the deed was introduced, but only that he does not recollect whether it was or not. He further certifies: "No question was made in the argument but that plaintiff had such deed, a copy of which was set out in his petition, and had introduced the same in evidence." This certificate fails to show that the deed was introduced, and also fails to contradict what is said in the abstract. The latter, therefore, must be taken as true and control the rights of the parties in this court.

A record or abstract cannot be altered or changed by affidavits setting forth what occurred in the court below. They cannot be considered in determining this question. It is clear the plaintiff is not entitled to the relief demanded unless he has the deed, and as it is not before us this cause must be reversed.

1. PRACTICE in the supreme court: abstract cannot be changed.

But in view of the matters certified to by the judge, and more particularly because we are satisfied from the record before us that the failure to offer the deed in evidence on the trial, and for that reason it is not now in the record, was a mere oversight, and for the further reason that the point urged by appellant has no other merit than that of a bare technicality, we are unwilling to enter a decree here but will remand the cause for a retrial.

REVERSED.