CONNER v. LONG ET AL.

1. **Practice in Supreme Court**: ASSIGNMENT OF ERRORS: WHEN TO BE FILED. An assignment of errors filed within the time prescribed in section 3183 of the Code is filed in time, though not until after the filing of appellee's argument. *Betts v. Glenwood*, 52 Iowa, 124, distinguished.

2. ————: CERTIFICATE OF TRIAL JUDGE TO EXPLAIN RECORD. It is not competent in this court to explain or contradict the record by a certificate of the trial judge, and such certificate will be stricken from the files on motion. *Pearson v. Maxfield*, 47 Iowa, 135, followed.

3. **Judicial Sale**: OF REAL ESTATE UNDER EXECUTION: STATUS OF TITLE AFTER EXPIRATION OF TIME FOR REDEMPTION AND BEFORE DEED MADE. Where real estate is sold upon execution subject to redemption, the equitable title, after the expiration of the year for redemption, but

before the sherff's deed is made, is in the person entitled to the deed, while the legal title remains in the execution debtor, or his grantees; and in such case, where the title is in dispute between the legal and equitable owners thereof, it would be error to render a decree quieting the title in the legal owner. And such decree was equally erroneous in this case, where a deed had been made pursuant to the sale, but the same was premature, because made before the time for redemption had expired. Such deed, if it conveyed no title to the grantee, divested him of none.

4. ———: ———: DEED TO ONE NOT PURCHASER: PRESUMPTION OF INTEREST. Where a deed is made pursuant to a sheriff's sale, but is made to one not the original purchaser, it will be presumed, in the absence of a contrary showing, that the purchaser has transferred his interest to the grantee named in the deed.

5. **Practice in Supreme Court:** CHARACTER OF APPEAL DETERMINED FROM WHOLE RECORD. Although the record in this case (in equity) recites that an issue of fact was tried and determined by the court below, but no evidence is certified, and, taking the whole record together, this court is satisfied that the case was in fact decided and the judgment rendered on a demurrer, and it appearing that there was error in the ruling on the demurrer, *held* that the judgment should be reversed.

*Appeal from Guthrie Circuit Court.*

WEDNESDAY, APRIL 24.

PLAINTIFF brought this action in equity to quiet title in him to a tract of one hundred and twenty acres of land. Defendants answered, denying that plaintiff was the owner of the land and, in a cross petition, the defendant, H. E. Long, alleged that he was the unqualified owner of said land, and prayed that the title be quieted in him as against plaintiff.

Plaintiff filed a demurrer to the cross-petition, which was overruled, and plaintiff electing to stand on this ruling, judgment was entered dismissing his petition and quieting the title to the land in defendant. Plaintiff appeals.

*C. A. & J. G. Berry*, and *G. E. McCaughan*, for appellant.

*Fogg, Long & Neal*, for appellees.

REED, J.—I. The assignment of errors in this case was served on appellee and filed with the clerk at the same time

Conner v. Long et al.

1. PRACTICE in supreme court: assignment of errors: when to be filed.

appellant's reply to the argument of appellee was served and filed. Appellees filed a motion to strike the assignment of errors from the files and to dismiss the appeal, on the ground that the assignment was filed too late.

Section 3183 of the Code provides that the assignment of errors shall be filed with the clerk, and a copy of the same be served on appellee, or his attorney, ten days before the first day of the trial term. In this case it was served and filed more than ten days before the first day of the term. It was, therefore, in time, although not served or filed until after appellees' argument was filed. The motion is, therefore, overruled. In *Betts v. Glenwood*, 52 Iowa, 124, cited by appellees in support of the motion, the facts were entirely different. The assignment of errors which was disregarded in that case was not filed within the time required by the statute, and was disregarded for that reason.

II. It is recited in the decree of the circuit court that plaintiff elected to stand on his demurrer, and that, failing to appear farther and plead or reply to defendants' cross petition, a default was entered against him, and that the court, having heard the proofs and inspected the pleadings, found that defendant, H. E. Long, was the owner of the land in question.

2. ——: certificate of trial judge to explain record.

Appellant filed with his reply what purports to be a certificate of the trial judge, to the effect that no trial was in fact had, and no evidence was introduced, but that the judgment was based upon the admission of plaintiff, in that, having demurred to the answer and cross-petition, he admitted the well pleaded averments thereof. Appellees have filed a motion to strike this certificate from the files. This motion is sustained. It is not competent to explain or contradict the recital of the record by the certificate of the trial judge. *Pearson v. Maxfield*, 47 Iowa, 135.

III. The cross petition alleges that defendant, H. E. Long, is the owner of the lands in question. An abstract of title is

3. JUDICIAL sale of real estate under execution : status of title after expiration of time for redemption and before deed made.

attached, by which it is shown that J. W. Stewart became the owner of the land in question on the 4th day of June, 1872. On the 25th day of July, 1873, he conveyed to Joshua Martin, who on the 30th day of the same month conveyed to D. W. Scott, and on the 4th day of October, 1873, Scott conveyed to J. T. Greene. Each of these conveyances was by warranty deed. On the 8th of June, 1882, Greene conveyed by quit-claim to H. E. Long, and on the 13th of the same month he conveyed by warranty deed to Charles S. Fogg, and, on the 16th of August following, Fogg reconveyed to Long by quit-claim.

It is alleged in the cross-petition that on the second of July, 1873, an attachment suit was instituted in the Guthrie district court by Phelps & DeLano against J. W. Stewart, and the attachment issued in said cause was levied on said lands, and that, on the 2d of October following, judgment was rendered in said cause, and the attached property was ordered to he sold to satisfy said judgment, and on the 24th of January, 1874, the land was sold on special execution issued on said judgment, Phelps & DeLano, the plaintiffs in execution, being the purchasers; and on the 27th of the same month the sheriff executed a deed under said sale to one R. R. Tingley, and that Tingley, in 1877, gave a quit-claim of the land to one Parshall, who by a like conveyance conveyed it to plaintiff. It is also alleged that the land was sold subject to redemption, and that the sheriff's deed was executed before the expiration of the time for redemption, and that, for that reason, the deed is void, and does not convey title to the grantor. And the prayer of the cross-petition is that the title to the land be quieted in defendant, and that the cloud cast upon the title by the sheriff's deed and the subsequent conveyances under which plaintiff claims may be removed.

The title to the land was in Stewart when the attachment proceedings were instituted, but he conveyed to Martin be-

fore the judgment was rendered. The conveyance from Scott to Greene was made before the sale on execution, and the quit-claim from Greene to Long was made more than eight years after that sale. It will also be observed that the attachment proceedings were instituted before the Code of 1873 took effect, while the judgment and sale were after it went into effect; and a question much discussed by counsel in argument is, whether the sale is governed by the provisions of the statute in force when the proceedings were instituted, or by the Code, which was in effect at the time of the sale. Under the statute before the Code, real estate sold on execution was not subject to redemption, unless the owner filed his election before the levy to have it sold subject to that right; but, by sections 3101, 3102 of the Code, the right to redeem within one year from the date of the sale is reserved to the owner, except in cases where the judgment is appealed from, or a stay of execution is taken. The circuit court held that the sale was governed by the provisions of the Code, and that, as the deed was executed before the expiration of the time for redemption, it was void, and, consequently, plaintiff had no interest in the property.

We think, however, that the case does not call for a decision of the question whether the sale was subject to redemption or not, for, conceding to defendant what he claims on that question, and conceding also that the deed is invalid, we think he is not entitled, under the allegations of his cross-petition, to have the title to the land quieted in him. The proceedings prior to the sale are in no manner questioned; nor is any question made as to the regularity of the sale; but defendant bases his right to recover solely on the ground that the property was sold subject to redemption, and no deed has been executed by the sheriff since the right to redeem expired. The obvious answer to his position, however, is that, when the right to redeem had expired, all right and interest of the former owner in the premises expired also; and if the deed which was executed did not operate to vest the legal title in

the grantee, still the person who was entitled to demand and receive a deed under the execution sale became the equitable owner of the land from the time the right of redemption ceased. The right to redeem from the sale expired at the end of the year allowed therefor, whether a valid deed was then executed or not. Code, §§ 3101, 3102. And, as between the former owner of the land and the person entitled to the deed, the rights of the latter are not dependent on the deed. No rights of the former owner of the land would be divested by it, nor would it create any additional rights or interests in favor of the one entitled to receive it.

All that remained in Greene, then, (the owner of the land at the time of the sale,) after the expiration of the right to redeem, was the naked legal title to the land, and his quit-claim to defendant transferred that title to him; but he took it subject to the equities of the one who was entitled to a deed from the sheriff under the execution sale; and it does not appear from any averment of the pleadings that the relations or rights of the parties have in any manner been changed since that conveyance. But it is claimed by appellee that it does not appear that plaintiff ever was entitled to demand a deed from the sheriff.

Phelps & DeLano, the plaintiffs in execution, were the purchasers at the sale, but the deed, which was executed three days after the sale, was made to Tingley. Why the deed was made to Tingley instead of to the purchasers at the sale does not appear. But it is alleged in the cross petition that the deed was executed under the sale to Phelps & DeLano. The presumption from the fact here alleged is that the interest acquired by the purchasers at the sale was in some manner transferred to Tingly, and that the sheriff had evidence of this fact when he executed the deed; so that it sufficiently appears by this allegation, we think, that Tingley acquired the interest of the purchaser at the sale; and the conveyance from him to Par-

4. ——: ——: deed to one not purchaser: presumption of interest.

shall, and from Parshall to plaintiff, vest him with that interest.

IV. It is. claimed by appellees that, whatever conclusions we may reach as to the ruling on the demurrer to the cross-

5. PRACTICE in supreme court: character of appeal determined from whole record.

petition, we cannot disturb the final judgment of the circuit court, for the reason that the record shows that an issue of fact was tried by the court and determined adversely to plaintiff, and the evidence is not before us.

The answer puts in issue the allegations of the petition, and the decree recites that the court heard the evidence and inspected the pleadings, and determined therefrom that plaintiff had no interest in the premises, and it was adjudged that his petition be dismissed. But we are satisfied by an examination of the whole record that the case was in fact decided and the judgment rendered on the demurrer. The record recites that upon the overruling of the demurrer to the cross-petition plaintiff elected to stand upon the ruling, and, refusing to appear or plead further, a default was entered against him, and judgment dismissing his petition and quieting the title in defendant. The abstract of title attached to plaintiff's petition shows that he was claiming title to the premises under the same conveyances and proceedings which are set out in the cross-petition, and against which defendant asked relief by that pleading. When the court overruled the demurrer to the cross-petition, it in effect denied every right which plaintiff sought to establish by the proceeding. That ruling determined adversely to plaintiff every question in the case, and, when he elected to stand on the ruling and refused to proceed further, nothing remained to be done, except to enter final judgment against him. And we can not presume that, after having elected to stand on the ruling, plaintiff went through the idle form of introducing evidence to establish a claim which the court had just decided was not valid in law. Nor do we think that the record, by any fair construction, shows that this was done.

If defendant found it necessary to introduce evidence, after the default was entered against plaintiff, to establish his claim, plaintiff's right on this appeal is not affected thereby. The judgment of the circuit court is reversed, and the cause is remanded for further proceedings in that court.

REVERSED.