In re John P. LALLY, Jr., aka John Patrick Lally, Jr., Regina M. Lally, Debtors.

Bankruptcy No. 83–04178.
Contested No. 161.

United States Bankruptcy Court, N.D. Iowa.

April 9, 1984.

Alvin J. Ford and Edward J. Keane, Sioux City, Iowa, for debtors.

Steven H. Krohn, Council Bluffs, Iowa, for movant.

Cynthia Moser, Sioux City, Iowa, for Crawford County Trust & Sav. Bank.

*Findings of Fact, Conclusions of Law and ORDER Granting Motion to Modify Stay*

WILLIAM W. THINNES, Bankruptcy Judge.

The matter before the Court is a Motion to Modify Stay filed by the Metropolitan Life Insurance Company (Metropolitan). Present at the hearing were attorneys Alvin J. Ford and Edward J. Keane for the Debtors and Steven H. Krohn for Metropolitan. Being fully advised and pursuant to F.R.B.P. 7052, the Court now makes the following Findings of Fact, Conclusions of Law and Orders.

In April 1982, Metropolitan obtained a foreclosure judgment against the Debtors. Three parcels of realty were involved in the foreclosure proceeding:

the South 100 acres of the Northwest Quarter and the North 40 acres of the Southwest Quarter, all in Section 35, Township 84 North, Range 40 West of the 5th PM, Crawford County, Iowa; [hereinafter Parcel No. 1]

the East Half of Section 26, Township 83 North, Range 40 West of the 5th PM; [hereinafter Parcel No. 2]

The Northeast Quarter of Section 33, Township 84 North, Range 39 West of the 5th PM, except the West One Acre thereof; [hereinafter Parcel No. 3]

After the entry of the foreclosure judgment, a sheriff's sale was conducted on June 30, 1982. Metropolitan purchased Parcel No. 1 at the sale. On June 23, 1983, the Debtors filed a voluntary Chapter 11 petition. In its instant Motion, Metropolitan seeks a declaratory judgment that the filing of the bankruptcy petition did not toll the running of the redemption period and in the alternative a modification of the 11 U.S.C. § 362 automatic stay to permit the sheriff to issue a deed.

### I. *Redemption Period*

■ Iowa Code § 628.3 (1983) provides: The debtor may redeem real property at any time within one year from the day of sale ....

By operation of § 628.3, the one-year redemption period ran on June 30, 1983. As indicated earlier, the Debtors filed for bankruptcy on June 23, 1983, seven days before the running of the redemption period. The question before this Court is whether 11 U.S.C. § 362 tolls the running of the one-year redemption.

In *Johnson v. First National Bank of Montevideo*, 719 F.2d 270 (8th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984), the debtor filed a bankruptcy petition three weeks before the running of the redemption period. The bankruptcy court and the district court both held the "running of the redemption period [was] stayed ... pursuant to 11 U.S.C. § 105." *Id.* at 272. On appeal, the Eighth Circuit reversed and held that under § 105, "a bankruptcy court may not exercise its equitable powers to create substantive rights which do not exist under state law." *Id.* at 274. In addition, focus-

ing on § 362 the *Johnson* court specifically disagreed with the "line of cases [that] stands for the proposition that the automatic stay provisions ... suspend the running of the statutory period of redemption." *Id.* at 275; *see id.* at 277.[1]

Read broadly, the *Johnson* decision controls the case at bar. Noting that *Johnson* involved the construction of the Minnesota redemption scheme, however, the Debtors assert that *Johnson* is inapplicable to the Iowa redemption scheme.

Examining the Minnesota scheme, the *Johnson* court observed that

under Minnesota law foreclosure extinguishes the mortgage and that the purchaser at the foreclosure sale acquires a vested right to become the absolute owner of the property upon expiration of the redemption period.... The mortgagor, on the other hand, retains only the equity of redemption, plus the rights to possession, rents, and profits of the property during the period of redemption.

*Id.* at 276. While not specifically embracing the result, *Johnson* then observed that

[t]he opposite result [i.e. tolling under § 362] has been reached in jurisdictions which require that some affirmative action be taken by a creditor or by a third party in order to transfer full title to property upon the expiration of the period of redemption.

*Id.* at 277. Relying on Iowa Code § 626.98 (1983), the Debtors contend that Iowa is one of those "jurisdictions which require ... affirmative action be taken by ... a third party in order to transfer full title." Thus contending, the Debtors argue that the *Johnson* result should not obtain in Iowa.

Iowa Code § 626.98 provides:

If the debtor or his assignee fails to redeem, the sheriff then in office must, at the end of the period of redemption ... execute a deed to the person who is entitled to the certificate....

---

1. This Court's earlier decision in *In re H & W Enterprises, Inc.*, 19 B.R. 582 (Bkrtcy.N.D.Iowa 1982), was cited as being representative of the

"line of cases" rejected by *Johnson*, 719 F.2d 275 n. 7.

Assuming that the Eighth Circuit would hold that in "jurisdictions which require ... affirmative action be taken ... by a third party in order to transfer full title," 11 U.S.C. § 362 operates to toll the running of the redemption period, the issue is whether the giving of the sheriff's deed under Iowa Code § 626.98 renders Iowa one such jurisdiction.

In *Conner v. Long*, 63 Iowa 295, 299–300, 19 N.W. 221 (1884), the Iowa Supreme Court, examining the predecessor statute to § 626.98, held:

> [W]hen the right to redeem had expired, all right and interest of the former owner in the premises expired also....
>
> *[A]s between the former owner of the land and the person entitled to the deed, the rights of the latter are not dependent on the deed.* No rights of the former owner of the land would be divested by it, nor would it create any additional rights or interests in favor of the one entitled to receive it.

(Emphasis added); *accord In re Smith*, 9 F.Supp. 277, 278 (S.D.Iowa 1934). Clearly, under *Conner* the giving of the sheriff's deed is *not* an "affirmative action ... taken ... by a third party in order to transfer full title to property upon expiration of the period of redemption." Therefore, the Iowa redemption scheme is conceptually identical to the Minnesota scheme. The Debtors' argument that *Johnson* is distinguishable from the case at bar should be rejected.

II. *11 U.S.C. § 105*

■ In addition to their § 362 argument, the Debtors urge this Court to toll the running of the redemption period under 11 U.S.C. § 105. Section 105(a) provides:

> The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

As interpreted in *Johnson*, § 105 permits suspension of state laws "only to the extent of actual conflict with the bankruptcy system provided by Congress." *Id.* at 273. It therefore follows that "a bankruptcy court may not exercise its equitable powers to create substantive rights which do not exist under state law." *Id.* at 274.

In addition to the holdings recited above, *Conner* observed that "[a]ll that remained ... in the [mortgagor] after the expiration of the right to redeem ... was the naked legal title to the land." 63 Iowa at 300, 19 N.W. 221. Were this Court to hold that § 105 tolls the running of the redemption period and thus enjoin the sheriff from issuing a deed to Metropolitan, this Court would be enlarging the Debtors "naked legal title" in a manner not consistent with *Conner*. Under *Johnson*, this Court may not so hold.

III. *11 U.S.C. § 108*

■ Section 108(b) provides, in pertinent part:

> [I]f applicable law ... fixes a period within which the debtor may ... cure a default ... or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only ... cure or perform ... before the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case ... and
>
> (2) 60 days after the order for relief.

*See also* 11 U.S.C. § 1107(a). Assuming, without deciding, that § 108(b) applies to the running of a redemption period, the Debtors' redemptive life is not resurrected. This is so because, under the Court's conclusion that § 362 does not suspend the running of the redemption period, the later of the two periods under § 108(b) falls on August 23, 1983, sixty days after the filing of the petition. *See* 11 U.S.C. § 301. On or before that date, the Debtors did not redeem Parcel No. 1. The Debtors' argument that § 108 allows them sixty days after the lifting of the stay to redeem Parcel No. 1 should therefore be rejected.

IV. *Lifting of the Stay*

■ A question may arise as to whether the Debtors' "naked legal title," if passed

into the bankruptcy estate, deserves any 11 U.S.C. § 362 protection. First, it should be observed that *Johnson* also held that "it is *only* the right of redemption, rather than the property itself, which passes into the bankruptcy estate if the redemption period has not expired at the time of the bankruptcy petition." 719 F.2d at 276. Thus, any argument that the Debtors' "naked legal title" passed into the bankruptcy estate by virtue of the bankruptcy filing may be doomed. *But see* 11 U.S.C. § 541(a)(1).

Second, assuming that the Debtors' "naked legal title" did pass into the bankruptcy estate and thus deserving of 11 U.S.C. § 362 protection, cause exists to justify termination of the stay. This is so because armed only with a "naked legal title," the Debtors clearly do "not have equity" in Parcel No. 1. Moreover, it is difficult to imagine how one possessing bare legal title to land may utilize the property in the face of other equitable claimants (such as Metropolitan) to achieve an *effective* reorganization. Stated otherwise, the conditions of 11 U.S.C. § 362(d)(2) having been met, the stay *if* applicable to the Debtors' "naked legal title" in Parcel No. 1 should be lifted to accord relief to Metropolitan.

## V. *Conclusion*

Based on the above, this Court concludes that the redemption period with respect to Parcel No. 1 has expired. Nothing in the Bankruptcy Code therefore prohibits the sheriff from issuing a deed to Metropolitan.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1. 11 U.S.C. § 362 does not toll the running of the redemption period under Iowa Code § 628.3 (1983).

2. 11 U.S.C. § 105(a) does not toll the running of the redemption period under Iowa Code § 628.3 (1983).

3. To the extent that 11 U.S.C. § 108(b) applies, if at all, any applicable time period within which redemption may be effectuated has expired.

4. To the extent that 11 U.S.C. § 362 applies, if at all, the Debtors lack equity in Parcel No. 1 and that such property is not necessary for an effective reorganization such that 11 U.S.C. § 362(d) operates to terminate the stay.