**In re John P. LALLY, Jr. and Regina M. Lally, Debtors.**

**Bankruptcy No. 83–04178.**

**Misc. Nos. 84–4005, 84–4006.**

United States District Court,
N.D. Iowa, W.D.

June 17, 1985.

Edward J. Keane, Theodore Karpuk, Sioux City, Iowa, for plaintiff.

Paul J. Boysen, Jr., Creston, Iowa, Cynthia C. Moser, Alvin J. Ford, Sioux City, Iowa, Steven H. Krohn, Council Bluffs, Iowa, for defendant.

DONALD E. O'BRIEN, Chief Judge.

The debtors, pursuant to Bankruptcy Rules 8001 and 8003, have filed a motion for leave to appeal the April 9, 1984 Order of the Bankruptcy Court, 38 B.R. 622, which granted the Motion to Modify the Stay made by Metropolitan Life Insurance Company (Metropolitan) and which granted in material part the Complaint for Relief filed by Crawford County Trust and Savings Bank (Bank). The Court heard arguments by telephone conference on May 24, 1985 while the undersigned was at his Sioux City, Iowa office. The motion for leave to appeal shall be granted and the decision of the Bankruptcy Court is affirmed.

I. Motion for Leave to Appeal.

The debtors request leave to appeal the Bankruptcy Court's decision of April 9, 1984 and contend that an immediate appeal will materially advance the ultimate termination of this litigation. Under 28 U.S.C. § 1334(b):

The district courts for such districts shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal is taken.

Having reviewed the motions for leave to appeal and the answers in opposition, the Court concludes that the debtors' motion should be granted.

II. Merits.

During the course of arguments at the May 24, 1985 hearing, the Court requested counsel for the appellees to write the Court a letter regarding who now holds title to the real estate in question. Counsel for the Bank has written that the Bank is still the titleholder to the portion of the real estate that it received in the foreclosure and has the property listed for sale, but is currently renting it out to a tenant for farming.

Counsel for Metropolitan has written that Metropolitan is still holding title to its portion of the real estate and is renting it to a tenant. The Court indicated during the hearing that if it granted leave to appeal, it might decide the merits of the appeal without further oral argument from the parties. All parties have submitted briefs to the Court which address the merits of the appeal. The Court finds that the value of oral argument on the merits is outweighed by the delay that would be caused because of the unavailability of open hearing dates before the undersigned judge. Consequently, the Court will decide the merits of the appeal on the records, briefs, and arguments presented by counsel at the May 24, 1985 hearing.

 The crucial issue presented to this Court is whether the holding of *Johnson v. First National Bank of Monteveido,* 719 F.2d 270 (8th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984), that the redemption period in Minnesota foreclosure actions is not stayed by 11 U.S.C. § 362(a) also applies to Iowa foreclosure actions.

The debtors cite *In Re H & W Enterprises, Inc.,* 19 B.R. 582 (Bkrtcy.N.D.Ia.1982), for the proposition that an unexpired redemption period in Iowa foreclosure actions is stayed by the filing of the bankruptcy petition. In footnote 1 at page 3 of its order, the Bankruptcy Court recognized that its holding in *In Re H & W Enterprises, Inc.* was no longer viable in light of *Johnson.* Specifically, Judge Thinnes stated:

> This court's earlier decision in *In Re H & W Enterprises, Inc.,* 19 B.R. 582 (Bankr. N.D.Ia.1982), was cited as being representative of the "line of cases" rejected by *Johnson,* 719 F.2d at 275 n. 7.

In light of the reasoning used by the Eighth Circuit in *Johnson,* this Court must agree with Judge Thinnes in ruling that Iowa foreclosure actions are governed by the holding in *Johnson. See, In re Martinson,* 731 F.2d 543 (8th Cir.1984) (North Dakota right to redeem not extended under § 362(a) or § 108(b)).

> The first step of the analysis is to identify the debtors' remaining interest in mortgaged property following a foreclosure sale, and to determine whether that interest constitutes property of the bankruptcy estate.

*Johnson,* 719 F.2d at 276. Section 541(a) provides that the bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of a case." Therefore, whatever rights a debtor has in property when his bankruptcy petition is filed continue in bankruptcy—no more, no less. Section 541 "is not intended to expand the debtor's rights against others more than they exist at the commencement of the case." H.R. Rep. No. 595, 95th Cong., 1st Sess., *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787. To identify the interest held by the Lallys' at the time they filed, the Bankruptcy Court properly turned to state law—specifically, Iowa Code § 626.98, which provides:

> If the debtor or his assignee fails to redeem, the sheriff then in office must, at the end of the period of redemption ... execute a deed to the person who is entitled to the certificate....

The Bankruptcy Court predicted that Iowa courts would view this statute as its predecessor was viewed in *Conner v. Long,* 63 Iowa 295, 299–300, 19 N.W. 221 (1884), when the Iowa Supreme Court stated:

> [W]hen the right to redeem had expired, all rights and interest of the former owner in the premises expired also....
>
> [A]s between the former owner of the land and the person entitled to the deed, the rights of the latter are not dependent on the deed. No rights of the former owner of the land would be divested by it, nor would it create any additional rights or interests in favor of the one entitled to receive it.

In light of this quote, the Bankruptcy Court concluded that the Iowa redemption

scheme is conceptually identical to the Minnesota scheme. In other words,

> it is only the right of redemption, rather than the property itself, which passes into the bankruptcy estate if the redemption period has not expired at the time the bankruptcy petition is filed.

*Johnson*, 719 F.2d, at 276. Accordingly, this Court concludes that the Bankruptcy Court did not make any errors of law in identifying the interest in property that became a part of the bankruptcy estate when the petition was filed.

The second step is to determine how the automatic stay of § 362(a) applies to the property interest that was part of the bankruptcy estate.

> Section 362(a) prohibits the "commencement or continuation ... of a judicial, administrative, or other proceeding," the "enforcement" of a judgment obtained prior to bankruptcy, or any other "act" to obtain possession of property of the estate or to create, perfect, or enforce any lien against property of the estate.

*Id.* In *Johnson*, the court conceptualized the property of the estate as only the right to redeem the property within the period established by Minnesota's statute. The court then held that the automatic stay could not be used to enlarge that property right created by state law. Because the property right which goes into the estate is the same in Iowa as it is under Minnesota law, this Court concludes that *Johnson* cannot be distinguished on that ground.

Debtors' next argument is that § 362(a) prohibits the affirmative actions which, under Iowa law, a purchaser at a foreclosure sale must take in order to obtain a deed from the sheriff. This argument fails because, as seen above, the actions taken by the sheriff do not affect *property of the estate.*

The Court has reviewed the other points of error urged by the debtors and can find no error of law in the decision of the Bankruptcy Court which would warrant reversal. A discussion of these points, like the above, would be little more than a repeat of the well-reasoned decision of the Bankruptcy Court.

Because of its decision on the merits, this Court need not consider whether the Bankruptcy Court erred by not granting a stay of its decision pending appeal; the Lallys did not appeal the order denying their Motion of Stay of Execution of the Bankruptcy Court's April 9, 1984 decision.

IT IS THEREFORE ORDERED that debtors' motion for leave to appeal is hereby granted.

IT IS FURTHER ORDERED that the April 9, 1984 Order of the Bankruptcy Court is hereby affirmed.