**In re Henry John BYKER and Dorothy Byker, Debtors.**

Bankruptcy No. 86–00657S.

Contested No. 576.

United States Bankruptcy Court, N.D. Iowa.

Aug. 6, 1986.

Wm. L. Needler & Associates, Ltd., Chicago, Ill., and Thomas R. Mohrhauser, Mapleton, Iowa, for debtors.

Baron & Wenell, Sioux City, Iowa, for Mary Allan.

## FINDINGS OF FACT, CONCLUSIONS OF LAW; ORDERS RE: MOTION TO LIFT STAY

MICHAEL J. MELLOY, Bankruptcy Judge.

The matter before the Court is a Motion to Lift Stay filed by Mary Allan. The Court having reviewed the evidence and being fully advised, now makes the following Findings of Fact, Conclusions of Law, and Orders pursuant to F.R.B.P. 7052. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

### FINDINGS OF FACT

1. The Debtors are purchasing real estate, which is the subject of the Motion to Lift Stay, from the moving party, Mary Allan. The purchase is pursuant to a real estate contract dated June 15, 1977, and filed March 2, 1978, in the records of the Recorder of Sioux County, Iowa.

2. The Debtors timely made all payments provided for under the real estate contract until the payment due March 1, 1986. That payment in the sum of $45,000.00, was not timely paid.

3. Pursuant to the terms of the real estate contract and Chapter 656, Code of Iowa, Mary Allan caused a Notice of Forfeiture to be served upon the Debtors. The Notice of Forfeiture was served March 6, 1986.

4. Debtors filed their Chapter 11 Bankruptcy Petition on March 26, 1986.

5. As of the date of the hearing, held July 7, 1986, approximately 123 days after the service of the Notice of Forfeiture, and approximately 103 days after the filing of the Chapter 11 Petition, the Debtor had not cured the default which occurred on March 1, 1986.

6. The property in question is worth substantially less than the contract balance owed against the property, and therefore the Debtors have no equity in the property. However, the property is necessary for the Debtors' reorganization.

7. The Debtors have offered to make a monthly payment equal to one-twelfth (¹⁄₁₂) of $22,824.00. The payments are to begin as of April 11, 1986, the date Mary Allan filed her motion to lift stay. The moving party is to be granted a lien in the crops growing on the property which is the subject of the real estate contract to secure the payment of the money offered as adequate protection.

## DISCUSSION

The Court finds the Debtors have no equity in the property which is the subject of the Motion to Lift Stay. However, the Court finds the Debtors have carried the burden of showing the property is necessary for an effective reorganization. Therefore, if the Debtors retain an interest in the property and the property is subject to the automatic stay, the moving party has failed to meet its burden of showing the stay should be lifted pursuant to 11 U.S.C. § 362(d)(2).

Turning to the alternate ground for the lifting of automatic stay set forth in 11 U.S.C. § 362(d)(1), the Court finds that the offer of a cash payment to be made upon completion of the harvest constitutes adequate protection. The Eighth Circuit recently stated in the case of *In re Briggs*, 780 F.2d 1339 (8th Cir.1985), and reaffirmed in the case of *In re Ahlers*, 794 F.2d 388 (8th Cir.1986), that the question of whether adequate protection in the form of lost opportunity costs should be awarded, and the timing and the amount of those payments, is left to the sound discretion of the Bankruptcy Court. The case of *In re Ahlers* also reaffirms the holding set forth in *In re Martin*, 761 F.2d 472 (8th Cir. 1985), which held that a pledge of a growing crop can constitute adequate protection. Accordingly, the Court finds that the Debtors' offer of a cash payment to be made upon completion of the harvest constitutes adequate protection. Therefore, the stay will not lift pursuant to 11 U.S.C. § 362(d)(1).

A more crucial issue which must be resolved in this case is the question of whether the Debtor retains any interest in the subject property. Debtors, in their resistance and brief in support of their resistance, candidly admit they are attempting to have this Court judicially overrule the holding of Bankruptcy Judge William W. Thinnes set forth in the case of *In re Vacation Village, Ltd. Partnership*, 49 B.R. 590 (Bkrtcy.N.D.Iowa 1984). In that case, Judge Thinnes held the automatic stay provisions set forth in § 362 do not stay the running of time, and therefore, the running of the statutory period for curing a forfeiture is not stayed by operation of § 362. Judge Thinnes discussed in a footnote the question of whether 11 U.S.C. § 108(b) provides the debtor "a new cure period" of 60 days from the Order for Relief. *See*, 11 U.S.C. § 108(b)(2). Judge Thinnes went on to state that assuming that there was such a cure period, that in the *Vacation Village* case, the debtor had not cured within either period of time, that is, within the 30 days from service of the Notice of Forfeiture, or within 60 days from the Order of Relief.

Factually, the present case is identical to the *Vacation Village* situation. The Debtor had not cured the contract default within 30 days of the service of the Notice of Forfeiture, that is, within 30 days of March 6, 1986. Likewise, the Debtor has not cured the default within 60 days from the entry of the Order for Relief. The filing of the Bankruptcy Petition constitutes an Order for Relief. 11 U.S.C. § 303. Therefore, the Order for Relief was entered upon filing of the Petition on March 26, 1986. Sixty days from that date would have been the last date for curing any default pursuant to 11 U.S.C. § 108(b)(2). The default was not cured by July 7, 1986, the date of hearing, which date was well past the sixtieth day following the entry of the Order for Relief.

Debtors' counsel has set forth a persuasive argument for overruling the *Vacation Village* decision. However, this Court, having reviewed *Vacation Village*, believes that *Vacation Village* was correctly decided, based upon Judge Thinnes'

interpretation of the Eighth Circuit Court of Appeals' decision in *Johnson v. First Nat'l Bank of Montevideo,* 719 F.2d 270 (8th Cir.1983), *cert. den.,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984).

This Court does not believe it is necessary to restate Judge Thinnes' well-reasoned analysis of the *Johnson* opinion and its applicability to Iowa contract forfeitures. However, this Court would like to address a couple of the points raised by Debtors in support of their request to overrule *Vacation Village.*

The Debtors claim the filing of an Affidavit of Forfeiture, pursuant to § 656.5 of the Iowa Code is a necessary step in the contract forfeiture procedure, and that the filing of that Affidavit is an act which is stayed by § 362. The response to that argument is two-fold. First, the filing of the Affidavit is not necessary to complete a forfeiture. The Iowa Supreme Court has held that the running of the statutory time period, without the curing of the default, is all that is necessary to complete the forfeiture. Filing of the Affidavit is not an essential step in the completion of the forfeiture, but rather, is a device to put third parties on notice of the completion of the forfeiture. *See, Abodeely v. Cavras,* 221 N.W.2d 494 (Iowa 1974).

Secondly, a similar issue was raised in the case of *In re Lally,* 38 B.R. 622 (Bkrtcy.N.D.Iowa 1984), *aff'd.,* 51 B.R. 204 (N.D.Iowa 1985). In that case, the creditor argued the running of the statutory redemption period under Iowa foreclosure law was not stayed by § 362, and that upon completion of the redemption period, the debtor lost all interest in the property. The Debtor countered by attempting to distinguish the *Johnson* case, *supra,* on the grounds that Iowa law required that upon completion of the redemption period, the creditor surrender his Certificate of Sale, and obtain and record a Sheriff's Deed. In the *Lally* case, Judge Thinnes held the act of obtaining a Sheriff's Deed did not violate the automatic stay, and based upon the holding of the *Johnson* decision, debtor lost all right to the property upon the running of the redemption period. This decision was affirmed by The Honorable Donald E. O'Brien, United States District Court Judge, and is now the law of the District. Certainly, if the obtaining of a Sheriff's Deed and recording that deed upon completion of the redemption period is not a violation of the automatic stay, the mere recording of an Affidavit, is not a violation.

The Debtors make numerous arguments on the grounds of policy and arguments based upon the peculiar nature of the farming occupation. However, this Court feels the relief requested must come from the legislature. The clear holding of the *Johnson* case is that the provisions of § 362 do not toll the running of time. Once the Notice of Forfeiture is served, prior to bankruptcy, the rights of the parties are fixed, and the Bankruptcy Code cannot toll the running of the redemption, subject only to the additional 60 days granted pursuant to 11 U.S.C. § 108(b).

Since this Court declines to overrule the *Vacation Village* decision, it is not necessary to address the issue of whether a real estate contract is an executory contract under either Iowa law or general principles of bankruptcy law. Since the resolution of that issue is not necessary to the decision in this case, this Court declines to make any pronouncement on that issue at this time.

In conclusion, this Court, like the court in *Vacation Village,* finds and concludes the real estate contract in question is forfeited. Consequently, an order modifying the automatic stay is not necessary, since the Debtors retain no interest in the property against which the stay would operate.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Lift Stay is denied as moot.